Lenden F. Webb  (SBN 236377)
**WEBB & BORDSON, APC**
A Professional Corporation
466 W. Fallbrook Ave., Suite 102
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WBLawGroup.com

Christopher A. Olsen (SBN 236928)
**OLSEN LAW OFFICES, APC**
A Professional Corporation
1010 Second Ave., Suite 1835
San Diego, CA 92101
Telephone: (619) 550-9352
Facsimile: (619) 923-2747
Email: CAOlsen@CAOlsenLawOffices.com

Attorneys for Plaintiff JOHN R. PICKENS, an individual, and Plaintiff Class.

**UNITED DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN R. PICKENS, an individual, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR:** |
| v. | 1. **VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681b(b)(2)(A)];** |
| ALORICA, INC., a California corporation; | 2. **VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681b(b)(3)(A)];** |
| Defendant. | 3. **VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681m(a)];** |
| | 4. **VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT [Cal. Civ. Code § 1786.16(a)];** |
| | 5. **VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT [Cal. Civ. Code § 1786.18];** |
| | 6. **DAMAGES UNDER THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681n];** |
| | 7. **DAMAGES UNDER THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT [Cal. Civ. Code § 1786.50(a)];** |
| | 8. **PUNITIVE DAMAGES UNDER THE** |

**WEBB & BORDSON, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

)
) **INVESTIGATIVE CONSUMER**
) **REPORTING AGENCIES ACT [Cal.**
) **Civ. Code § 1786.50(b)]; AND**
)
) **DEMAND FOR JURY TRIAL**
)

Plaintiff JOHN R. PICKENS on behalf of himself and all others similarly situated, and demanding trial by jury, complain and allege upon information and belief as follows:

## INTRODUCTION

1.      This is a class action brought by Plaintiff JOHN R. PICKENS (herein after referred to as "Plaintiff") on behalf of himself and all others similarly situated who have sustained injuries or damages arising out of the Defendant's alleged deliberate actions complained of herein.

2.      Plaintiff petitions this Court to allow him to represent and prosecute claims against Defendant in class action proceedings on behalf of all those similarly situated who are residents in the State of California and nationwide.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this class action pursuant to 28 U.S.C. §1331(a) and the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (FCRA) because this case involves the FCRA. An action to enforce any liability created under the FCRA may be brought in any appropriate United States district court not later than the earlier of either two years after the date of discovery by the plaintiff of the violation or five years after the date which the violation that is the basis for the action. 15 U.S.C. §1681p.

4.      This Court, further has supplemental jurisdiction over all state claims in this class action pursuant to 28 U.S.C. §1367(a) because the claims involved are so related to claims having original jurisdiction that they form part of the same case in controversy. Further, none of the state claims alleged herein raise novel or complex issues of State law, substantially predominate over the claims which this Court has original jurisdiction, nor are there any other compelling reasons for declining jurisdiction.

5.      Defendant is within the personal jurisdiction of this Court. Defendant Alorica, Inc. is a California corporation with its headquarters in Irvine, California and does business

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

throughout the United States, including the State of California. Thus, Defendant has availed itself to the benefits and laws of the United States and the State of California and is subject to personal jurisdiction in this Court. Plaintiff is a citizen of the State of California and therefore subject to the personal jurisdiction of this Court.

6.      Venue is also proper in this district under 28 U.S.C §1391 because a substantial portion of the events or omissions giving rise to Plaintiff's claims, as well as the course of conduct alleged herein, occurred in the County of Fresno within this District and this Division.

## THE PARTIES

7.      Plaintiff, who at all relevant times referenced herein, resided in California, is a former employee of Defendant.

8.      Defendant Alorica Inc. (hereinafter known as "Defendant") is a California corporation doing business in California and throughout the United States by operating numerous locations throughout the State of California and the United States. Its headquarters and principal place of business is located in 5 Park Plaza, Suite 100, Irvine, California 92614.

9.      Plaintiff reserves the right under Federal Rule of Civil Procedure 15 to amend this Complaint before trial to add newly discovered defendants who are yet unknown to Plaintiff.

## CLASS ALLEGATIONS

10.      Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to the Federal Rule of Civil Procedure 23. The members of the Class are defined as follows:

> All individuals, nationwide, who were or are employed with an Alorica, Inc. branch in the United States and for whom a consumer report was obtained by Alorica, Inc. for employment purposes and adverse action was taken by Alorica, Inc based in whole or in part on information contained in the consumer report at any time in the last five years prior to the filing of this Complaint (hereinafter known as the "Nationwide Class").

Additionally, Plaintiff seeks certification of the following subclass:

> All individuals who, at the commencement of employment with

**WEBB & BORDSON, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

Alorica, Inc., were California residents and who were or are employed with an Alorica, Inc. branch within the State of California for whom an investigative consumer report was obtained for employment purposes at any time in the last five years prior to the filing of this Complaint (hereinafter known as the "California Subclass").

11.     Plaintiff reserves the right under the applicable Federal Rules of Civil Procedure to amend or modify the class definition(s) with respect to issues or in any other way.

12.     Plaintiff is the named representative and is a member of both the Nationwide Class and California Subclass. Plaintiff seeks class-wide recovery based on the allegations set forth in this Complaint.

13.     This action has been brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because there is a well-defined community of interests in the litigation and the proposed Class is easily ascertainable through the records Defendant is required to keep.

14.     <u>Numerosity</u>. The members of the Class are so numerous that joinder of all of them as Plaintiff is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are hundreds, if not thousands, of Class members.

15.     <u>Typicality</u>. Plaintiff's claims are typical of the claims of members of the Nationwide Class because all Nationwide class members did not authorize Defendant to obtain a consumer report for employment purposes as required by the FCRA nor did Defendant make proper disclosure to Plaintiff or any Nationwide Class member, as required by the FCRA, prior to procuring a consumer report for employment purposes. Further, Defendant took adverse action on Plaintiff and Nationwide Class members based in whole or in part on these consumer reports and failed to follow the procedures required by the FCRA.

16.     Plaintiff's claims are typical of the claims of members of the California Subclass because all California Subclass members did not provide written authorization for Defendant to procure an investigative consumer report nor did Defendant provided Plaintiff or California

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

Subclass members with disclosure prior to the procurement of any investigative consumer report by Defendant.

17.    <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any member of the Class. Plaintiff has retained counsel competent and experienced in complex class action litigation with sufficient financial resources to litigate this case through class certification and trial.

18.    <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any question that affect only individual members of the Nationwide Class and California Subclass. The common questions to the Nationwide Class include, but are not limited to:

a.    Whether Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide a clear and conspicuous disclosure, in writing, to Plaintiff and class members prior to procuring a consumer report or causing a consumer report to be procured for employment purposes;

b.    Whether Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by failing to obtain Plaintiff or Nationwide Class members' written authorization prior to procuring a consumer report or causing a consumer report to be procured for employment purposes;

c.     Whether, prior to taking adverse action based in whole or in part on the consumer reports, Defendants violated 15 U.S.C. § 1681b(b)(3)(A) by failing to provide Plaintiff and class members: (1) a copy of the consumer report; and (2) a description, in writing, of Plaintiff and Nationwide Class members' rights under the FCRA.

d.    Whether Defendants violated 15 U.S.C. § 1618m(a) by failing to follow the required procedures subsequent to taking adverse action on Plaintiff and class members;

e.    Whether Defendant willfully violated the FCRA thereby triggering statutory damages to Plaintiff and the members of the Plaintiff Class as set forth in

**WEBB & BORDSON, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

Section 1681n(a) of the FCRA;

f.   Whether Plaintiff and the members of the Plaintiff Class are entitled to statutory damages under Section 1681n(a) of the FCRA and, if so, the amount and calculation of such statutory damages; and

g.   Whether Plaintiff and other class members are entitled to recover punitive damages under Section 1681n(a)(2) of the FCRA and, if so, the amount and calculation of such punitive damages.

The common questions to the California Subclass Class include, but are not limited to:

a.   Whether Defendants violated Cal. Civ. Code § 1786.16, by failing to adhere to the procedural requirements therein required when procuring or causing to be prepared, an investigative consumer report;

b.   Whether Defendant violated Cal. Civ. Code § 1786.16 (a)(2) by failing to obtain Plaintiff or class members' written authorization prior to procuring or causing to be prepared an investigative consumer report;

c.   Whether Defendants' violations of Cal. Civ. Code § 1786 *et. seq.* were willful or grossly negligent;

d.   Whether Plaintiff and members of the California Subclass are entitled to recover actual and/or statutory damages, including costs and reasonable attorney's fees, under Cal. Civ. Code. § 1786(a) and, if so, the amount and calculation of such damages;

e.   Whether Plaintiff and members of the California Subclass are entitled to recover punitive damages under Cal. Civ. Code § 1786.50(b) and, if so, the amount and calculation of such punitive damages.

19.   Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort or expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this

**WEBB & BORDSON, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

class action that would preclude its maintenance of a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The members of both the Nationwide Class and California Subclass are readily identifiable from Defendant's employment, applicant, consumer report, and other records maintained in the course of business.

20.     Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of either the Nationwide Class or California Subclass creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendant.

21.     Because joinder of all members is impracticable, a class action is superior to any other available methods for the fair and efficient adjudication of this controversy. Furthermore, the statutory damage amount at stake for each class member while substantial in the aggregate, is not sufficient to enable either Nationwide Class or California Subclass members to maintain separate individual suites against Defendant.

## NATIONWIDE CLASS ALLEGATIONS

22.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23.     Throughout the Class Period, Defendant employed consumer reports on hundreds, if not thousands, of applicants and employees in violation of the FCRA without paying them statutory or punitive damages for Defendant's violations.

24.     Defendant is a "person" as defined by the FCRA. 15 U.S.C. §1681a(b). Plaintiff is a "consumer" as defined by the FCRA. 15 U.S.C. §1681a(c). The background report or consumer report that Defendant obtains regarding applicants and/or current employees are "consumer reports" as defined by the FCRA. 15 U.S.C. §1681a(d).

25.     During the Class Period, Plaintiff and each member of the Plaintiff Class is or was employed with an Alorica, Inc. branch in the United States. Throughout the Class Period, Defendant procured or caused to be prepared background checks relating to Plaintiff and the nationwide Class members for "employment purposes" as defined by the FCRA. 15 U.S.C. §

1681a (h). Specifically, Defendant obtained background reports, from First Advantage
Corporation (hereinafter "First Advantage").

26.     The term "consumer report" includes, not only credit worthiness, standing, and
capacity; it also includes character, general reputation, personal characteristics, or mode of
living to analyze eligibility for employment purposes. 15 U.S.C. §1681a(d). Thus a background
check qualifies as a consumer report.

27.     Upon information and belief, throughout the Class Period, Defendants used or
expected to use or collected, in whole or in part, background checks relating to Plaintiff and the
Nationwide Class for the purpose of evaluating each and every individual in the Nationwide
Class, including Plaintiff, for employment, promotion, reassignment or retention as
Defendants' employee.

28.     Plaintiff and Nationwide Class were individuals covered by the FCRA and as
such, Defendant was required to provide a disclosure in writing that a consumer report may be
obtained for employment purposes and obtain a valid, written authorization prior to obtaining a
consumer report on any individual employed by Defendant. 15 U.S.C. §1681b(b)(2)(A)(i) and
(ii).

29.     Upon information and belief, Defendant took adverse action, as defined by the
FCRA, on Plaintiff and Nationwide Class members, based in whole or in part on the
information found in the background reports. Additionally, Defendant failed to properly
provide Plaintiff and Nationwide Class members pre-adverse action notice required by the
FCRA Section 1681b and/or failed to perform the statutory duties required by the FCRA
Section 1618m once adverse action was actually taken.

30.     Despite failing to adhere to requirements of the FCRA when obtaining consumer
reports for employment purposes for Plaintiff and the Nationwide Class, Defendant
nevertheless obtained hundreds, if not thousands, of consumer reports throughout the Class
Period on Plaintiff and Nationwide Class members in clear violation of the FCRA.

**CALIFORNIA CLASS ALLEGATIONS**

31.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

though fully set forth herein.

32.     Throughout the Class Period, Defendant employed the use of investigative consumer reports, on hundreds, if not thousands, of applicants and employees, who were employed in and resided in the State of California, in violation of the Investigative Consumer Reporting Agencies Act (hereinafter known as "ICRAA").

33.     Defendant is a "person" as defined by the ICRAA. Cal. Civ. Code § 1786.2(a). Plaintiff is a "consumer" as defined by the ICRAA. Cal. Civ. Code § 1786.2(b). The background report or investigative consumer report that Defendant obtains regarding its current and/or former employees are "investigative consumer reports" as defined by the ICRAA. Cal. Civ. Code § 1786.2(b).

34.     During the Class Period, Plaintiff and each member of the California Subclass were employed with an Alorica, Inc. branch located in the State of California. In relation to "employment purposes", as defined by Cal. Civ. Code § 1786.2(f), Defendant procured or caused to be prepared investigative consumer reports on its current and/or former employees.

35.     The term "investigative consumer report" includes "information on a consumer's character, general reputation, personal characteristics, or mode of living . . . obtained through *any* means." Cal. Civ. Code § 1786.2(c) (emphasis added). Thus, a background check qualifies as an investigative consumer report.

36.     Plaintiff and each of the California Class members were individuals covered by the ICRAA and as such, Defendant was required to provide each consumer with a clear and conspicuous disclosure, prior to the procurement of any investigative consumer report, including:

a.   disclosure that an investigative consumer report may be obtained;

b.   a statement of the purpose of the report;

c.   the name, address, and telephone number of the screening company;

d.   a summary of the consumer's rights to see and copy any report;

e.   disclosure that the report "may include information on the consumer's character, general reputation, personal characteristics, and mode of living";

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

     f.    a box to check if the consumer desired to receive a copy of the report;

     g.     notice, in writing, of the nature and scope of the report; and

     h.    notice of the Internet Web site address of the investigative reporting agency or the telephone number of the agency if no Internet Web site was available. Cal. Civ. Code § 1786.16 (a)(2)(B).

37.    Further, Defendant was required to obtain the written authorization of the consumer prior to procuring the background report. Cal. Civ. Code § 1786.16(a)(2)(C).

38.    Upon information and belief, Defendant has obtained, procured, and/or used investigative consumer reports, as defined by the ICRAA, on its current and/or former employees. These reports were obtained, procured, and/or used by Defendant in violation of the ICRAA.

39.    Defendant nevertheless obtained numerous consumer reports throughout the Class Period on Plaintiff and California Subclass members despite failing to comply with the requirements of the ICRAA when obtaining investigative consumer reports for employment purposes relating to Plaintiff and the California Subclass and in clear violation of the ICRAA. in clear violation of the ICRAA.

## FACTUAL ALLEGATIONS SPECIFIC TO JOHN PICKENS

40.    Plaintiff re-alleges and incorporates by reference by reference all preceding paragraphs as though fully set forth herein.

41.    On or around March 2013, Plaintiff applied for an employment position with Defendant. Employment with Defendant was conditional on the results of a background check performed on all applicants.

42.    Upon passing his background check, Plaintiff was hired on as a Customer Service Representative at Defendant's Fresno, California branch on or about March 26, 2013.

43.    In or around October 2013, Plaintiff was promoted to the position of Real-Time Workforce Analyst.

44.    In or around January 2014, Plaintiff was again promoted to the position of Human Resources Coordinator.

45.     Throughout his employment with Defendant, Plaintiff maintained an exemplary employment record with no missed days or write-ups.

46.     In or around April 2014, while working at Defendant's Clovis branch, Plaintiff was recognized by a Clovis employee. This employee subsequently notified Defendant's company headquarters that Plaintiff may have had a prior criminal history.

47.     Shortly thereafter, Defendant procured, from First Advantage, an additional and more extensive background check (herein after "Second Background Check") on Plaintiff.

48.     On or about April 24, 2014, Plaintiff was called into his supervisor's office where Plaintiff was notified of the allegations made to Defendant's company headquarters regarding Plaintiff's alleged prior criminal history.

49.     Plaintiff was further informed by his supervisor that, due to the recent allegations made by Defendant's Clovis employee, Defendant had procured a more extensive background check on Plaintiff, which revealed a prior felony conviction from 1995. Plaintiff was informed that, because of this past conviction, Plaintiff would be terminated from employment with Defendant. Therefore, because Plaintiff had already passed Defendant's initial background check as a condition for employment, Defendant's reason for taking adverse action against Plaintiff (i.e. termination of employment) Plaintiff was due to the information acquired through the Second Background Check including but not limited to Plaintiff's 1995 criminal conviction.

50.     Prior to Defendant using or expecting to use or collecting the Second Background Check, Plaintiff was not provided with any disclosure form, as required by both the FCRA and ICRAA.

51.     Furthermore, Plaintiff never authorized in writing, orally, electronically, or by other means, for Defendant to procure the Second Background check.

52.     Finally, Defendant failed to adhere to all or some of the requirements of Cal. Civ. Code § 1786.16.

53.     Prior to Plaintiff's termination from Defendant's employment but after Defendant used or expected to use or collected the Second Background Check, Plaintiff did not

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

receive nor did he ever receive a pre-adverse notice relating a copy of the report and a description in writing of his rights under the FCRA as required by 15 U.S.C. § 1689b(b)(3)(A).

54.     Once Defendant took adverse action against Plaintiff, Defendant failed perform all or some of the statutory duties required 15 U.S.C. § 1681m.

55.     Therefore, Defendant's actions were clear violations of both the FCRA and ICRAA.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDTI REPORTING ACT

### 15 U.S.C. § 1681b(b)(2)(A)

**(Plaintiff and Nationwide Class against each Defendant)**

56.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57.     Pursuant to the FCRA, consumer reports may be issued for "employment purposes." 15 U.S.C. §1681b(a)(3)(B). Employment purposes include the evaluation of "a consumer for employment, promotion, reassignment or retention of an employee." *Id.* at §1681a(h).

58.     The FCRA requires that, ***prior*** to procuring a consumer report, an employer must:

    a.   (1) provide a clear and conspicuous disclosure to each consumer in writing that a consumer report may be obtained for employment purposes; and

    b.   (2) obtain the consumer's authorization in writing to obtain the report. 15 U.S.C. §1681b(b)(2)(A).

59.     In this instance, Defendant procured backgrounds check on Plaintiff and Nationwide Class members without providing the necessary disclosure form and without obtaining Plaintiff's and Nationwide Class members' written authorization.

60.     Defendant's procurement of consumer reports in the form of background checks on its current and/or former employees for employment purposes without proper disclosure or authorization fairly contravenes the FCRA's requirements that Defendant clearly and

**WEBB & BORDSON, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

conspicuously disclose that a background report may be obtained and that Defendant obtain a written authorization prior to the background reports procurement.

61.     Therefore, Plaintiff and the Nationwide Class are entitled to damages as set forth in the FCRA and alleged and prayed for herein.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681b (b)(A)(3)

### (Plaintiff and Nationwide Class against each Defendant)

62.     Plaintiff re-alleges and incorporates by reference all preceding paragraph as though fully set forth within.

63.     Pursuant to the FCRA, "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a (k)(B)(ii).

64.     The FCRA requires that **"*before taking any adverse action based in whole or in part*"** on a consumer report, an employer must provide the consumer "to whom the report relates -- (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under [the FCRA] . . . ." 15 U.S.C. § 1681b (B)(3)(A)(i) – (ii).

65.     In this instance, Defendant took adverse action against Plaintiff and members of the Nationwide Class. This adverse action was based either in whole or in part on the information obtained in background checks performed on Plaintiff and the Nationwide Class members.

66.     Prior to taking adverse action against Plaintiff and Nationwide Class members, Defendant failed to:

      a.   provide Plaintiff and Nationwide Class members with a copy of the report relating to each of them; and/or

      b.   provide Plaintiff and Nationwide Class members with a description, in writing, of their rights under the FCRA.

67.     Defendant's actions were a blatant disregard of the FCRA pre-adverse notice

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

requirements and, as such, Plaintiff and the Nationwide Class are entitled to damages provided by the FCRA and alleged and prayed for herein.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681m (a)**

**(Plaintiff and Nationwide Class against each Defendant)**

68.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth within.

69.     Pursuant to the FCRA, anyone taking adverse action against any consumer "based in whole or in part on any information contained in a consumer report" shall provide the consumer with:

    a.  oral, written, or electronic notice regarding the adverse action;

    b.  written or electronic disclosure regarding the consumer's credit;

    c.  oral, written, or electronic disclosure of:

        i.  "the name, address and telephone number of the consumer reporting agency that furnished the report to the person; and

        ii.  a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken;" and

    d.  oral, written, or electronic notice of the consumer's rights to:

        i.  obtain a free copy of the consumer report;

        ii.  dispute the accuracy or completeness of the information included in the consumer report. 15 U.S.C. § 1681m (a).

70.     In this instance, Defendant took adverse action against Plaintiff and Nationwide Class members based either in whole or in part on information received in a consumer report on each individual. Furthermore, after taking adverse action against Plaintiff and Nationwide Class members, Defendant failed to adhere to all or at least some of the requirements set forth in

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

Section 1681m (a) of the FCRA.

71.     Defendant's actions were a blatant disregard of the FCRA adverse action requirements set forth by Section 1681m and, as such, Plaintiff and the Nationwide Class are entitled to damages provided by the FCRA and alleged and prayed for herein.

### FOURTH CAUSE OF ACTION

**VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT**

**Cal. Civ. Code. § 1786.16(a)**

**(Plaintiff and California Subclass against each Defendant)**

72.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     At all relevant times, Plaintiff and all other California Subclass members are or were employees of Alorica, Inc. branches located in the State of California.

74.     During the Class Period, Defendant conducted investigative consumer reports on Plaintiff and each member of the California Class for employment purposes. Specifically, Defendant obtained from third party consumer reporting agency, First Advantage, background reports relating to Plaintiff and California Subclass members.

75.     Defendant willfully or, in the alternative, was grossly negligent in failing to provide a clear and conspicuous disclosure in writing to Plaintiff and California Subclass members before the report was procured or caused to be made that included:

        a.   notice that Defendant was a permissible person for procuring or causing the report to be made, as defined by Cal. Civ. Code § 1786.12;

        b.   identified the permissible purpose of the report;

        c.   disclosed that the report may include information on Plaintiff and the California Subclass members' character, general reputation, personal characteristics, and mode of living;

        d.    identified the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation;

        e.   notified Plaintiff and the California Subclass members, in writing, of the

nature and scope of the investigation requested, which also included a

summary of the provisions of Cal. Civ. Code § 1786.22;

f.   notified Plaintiff and the putative class members of the Internet Web site
address of the consumer reporting agency conducting the investigation or the
telephone number if the consumer reporting agency had no Internet Web
site;

76.   Furthermore, Defendant failed to obtain Plaintiff and the California Subclass members' written authorization to procure the investigative consumer reports in question. Cal. Civ. Code § 1786.16(a)(2)(C).

77.   Pursuant to Cal. Civ. Code § 1786.50, Plaintiff and the California Subclass are entitled to recover actual and/or statutory damages including costs together with reasonable attorney's fees, as well as punitive damages.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT**

**Cal. Civ. Code § 1786.18(a)(7)**

**(Plaintiff John Pickens against each Defendant)**

78.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.   Under the ICRAA, an investigative consumer report may not contain "[r]ecords of arrest, indictment, information, misdemeanor, or conviction of any crime that, from the date of disposition, release or parole, antedate the report by more than seven years." Cal. Civ. Code § 1786.18(a)(7).

80.   Defendant's Second Background Check on Plaintiff was conducted in or around April 2014. This Second Background Check revealed the results of a criminal felony conviction of Defendant from 1995. This conviction was approximately nineteen (19) years prior to Defendant's procurement or preparation of the Second Background Check, well past the seven (7) year limit permitted by Cal. Civ. Code § 1786.18(a)(7).

81.   A user of information in an investigative consumer report that "fails to comply

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

*with any requirement* under [the ICRAA] with respect to an investigative consumer report is liable to the consumer . . . ." Cal. Civ. Code § 1786.50 (emphasis added).

82.     Because Defendant relied on Plaintiff's criminal conviction in their adverse action against Plaintiff, Defendant failed to comply with the requirements of Cal. Civ. Code § 1786.18. As such, Plaintiff is entitled to actual and/or statutory damages, including costs and reasonable attorneys' fees under Cal. Civ. Code § 1786.50(a)

83.     Furthermore, Defendant's failure to comply with Section 1786.18 by relying on nearly a twenty year old criminal conviction for employment purposes was a willful or, in the alternative, a grossly negligent violation of Cal. Civ. Code § 1786.18. As such, Plaintiff is also entitled to punitive damages provided by Cal. Civ. Code 1786.50(b).

## SIXTH CAUSE OF ACTION

### DAMAGES UNDER THE FAIR CREDIT REPORTIONG ACT

### 15 U.S.C. § 1681n

### (Plaintiff and Nationwide Class against each Defendant)

84.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85.     The FCRA permits a plaintiff to recover actual, statutory, and/or punitive damages, along with attorneys' fees, in case of willful noncompliance. 15 U.S.C. §1681n(a)(1)-(3). A defendant acts willfully under the FCRA by either knowing or recklessly disregarding its statutory duty. *Safeco ins. Co. v. Burr,* 551 U.S. 47, 57-60 (2007).

86.     In this instance, Defendant acted in conscious disregard of Plaintiff's and the Nationwide Class members' rights under the FCRA or, in the alternative, Defendant's noncompliance with the FCRA was deliberate and purposeful.  Therefore, Plaintiff and the Nationwide Class are able to recover damages under Section 1681n of the FCRA for Defendant's willful noncompliance.

87.     Pursuant to 15 U.S.C. §1681n (a)(2), Plaintiff and Nationwide Class members are also entitled to recover punitive damages as the court may allow.

88.     Pursuant to 15 U.S.C. §1681n(a)(3), if Plaintiff and the Nationwide Class

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

members prevail, they are also entitled to recover costs of suit with reasonable attorneys' fees, as determined by the court.

## SEVENTH CAUSE OF ACTION

## DAMAGES UNDER THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT

### Cal. Civ. Code § 1786.50

### (Plaintiff and California Class against each Defendant)

89.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.     The ICRAA permits a plaintiff to recover actual, and/or statutory damages along with costs and reasonable attorneys' fees for failure to comply with ***any requirement*** under the ICRAA. Cal Civ. Code § 1786.50(a).

91.     Defendant failed to comply to all or some of the requirements of Section 1786.16 of the ICRAA when performing background checks on employees for employment purposes. Therefore, Plaintiff and the California Subclass are able to recover damages for Defendant's violation of the ICRAA.

92.     The ICRAA further permits a plaintiff to recover punitive damages if the violation of the ICRAA is found to be either grossly negligent or willful. Cal. Civ. Code § 1786(b).

93.     Defendant's actions of failing to adhere to the requirements of Section 1786.16 constitute a willful violation of the ICRAA or, in the alternative, Defendant was grossly negligent in failing to adhere to the requirements of Section 1786.16 of the ICRAA. Therefore, Plaintiff and the California Subclass are entitled to recover punitive damages under the ICRAA.

94.     Pursuant to Cal. Civ. Code § 1786.50(a), Plaintiff and the California Subclass are entitled to actual and/or statutory damages, including costs and reasonable attorneys' fees.

95.     Pursuant to Cal. Civ. Code § 1786.50(b), Plaintiff and the California Subclass are also entitled to punitive damages.

///

**WEBB & BORDSON, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

## EIGHTH CAUSE OF ACTION

## PUNITIVE DAMAGES UNDER THE INVESTIGATIVE CONSUMER REPORTING

## AGENCIES ACT

### Cal. Civ. Code § 1786.50(b)

### (Plaintiff John Pickens against each Defendant)

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     The ICRAA permits a plaintiff to recover punitive damages for any violation of the ICRAA that is either willful or grossly negligent. Cal. Civ. Code § 1786.50(b).

98.     Defendant's actions of taking adverse action against Plaintiff based on a criminal conviction that preceded the adverse action and procurement of an investigative consumer report by approximately nineteen (19) years is a clear violation of Cal. Civ. Code § 1786.18(a)(7).

99.     Furthermore, Defendant's actions in failing to adhere to the requirements of Section 1786.18(a)(7) was a willful violation of the ICRAA or, in the alternative, Defendant's were grossly negligent in failing to adhere to the requirements of Section 1786.18(a)(7) of the ICRAA.

100.    Pursuant to Cal. Civ. Code § 1786.50(b), because of Defendant's willful or grossly negligent actions of failing to comply with Cal. Civ. Code § 1786.18(a)(7), Plaintiff is entitled to recover punitive damages from Defendant.

### PRAYER

WHEREFORE, Plaintiff, the Nationwide Class, and the California Subclass pray for judgment as follows:

1.      For certification of this action as a class action;

2.      For appointment of Plaintiff as the representative of the Class;

3.      For appointment of counsel for Plaintiff as Class Counsel;

4.      A determination and judgment that Defendant willfully violated FCRA, 15 U.S.C. §§ 1681b (b)(A)(3) and 1681m (a);

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

5.      An award of statutory damages to Plaintiff and the Nationwide Class members in an amount equal to $1,000, but no less than $100, pursuant to U.S.C. § 1681n(a)(1);

6.      An award of punitive damages to Plaintiff and the Nationwide Class members pursuant to U.S.C. § 1681n(a)(3);

7.      An award providing for payment and costs of suit including reasonable attorneys' fees pursuant to 15 U.S.C §1681n(a)(3);

8.      A determination and judgment that Defendant willfully violated Cal. Civ. Code §§ 1786.16 and 1786.18

9.      An award of actual damages to Plaintiff and the California Subclass pursuant to Cal. Civ. Code § 1786.50(a)(1);

10.     An award of statutory damages pursuant to Cal. Civ. Code § 1786.50(a)(1);

11.     An award providing for payment and costs of suit including reasonable attorneys' fees pursuant to Cal. Civ. 1786.50(a)(2);

12.     An award of punitive damages to Plaintiff and the California Subclass members pursuant to Cal. Civ. Code § 1786.50(b);

13.     For such other relief as the Court deems just and proper.


Dated: April 22, 2015                          **WEBB & BORDSON, APC**


                                               By: _____
                                                     Lenden F. Webb
                                                     Attorney for Plaintiff,
                                                     JOHN R. PICKENS and the
                                                     PLAINTIFF CLASS

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands trial by jury on his individual and class-wide claims stated

3  herein against Defendant.

4

5  Dated: April 22, 2015                          **WEBB & BORDSON, APC**

6

7                                              By: _____

8                                                   Lenden F. Webb
                                                    Attorney for Plaintiff,
9                                                   JOHN R. PICKENS and the
                                                    PLAINTIFF CLASS
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

DEMAND FOR JURY TRIAL
- 1 -